Filed 3/22/24  In re Z.R. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re Z.R., a Person Coming Under the Juvenile Court Law. | B331435 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 22CCJP01774A) |
| Plaintiff and Respondent, | |
| v. | |
| C.R., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Davis, Judge.  Conditionally affirmed and remanded with directions.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica Buckelew, Deputy County Counsel, for Plaintiff and Respondent.

C.R. (father) appeals from the August 31, 2023 order terminating parental rights to his child (minor) under section 366.26.[1]  We conditionally affirm and remand.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).)  We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles.  (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments.  [Citation.]  In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

Father's sole contention on appeal is that the juvenile court and the Los Angeles County Department of Children and Family Services (Department) did not comply with their obligations under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California statutes (§ 224 et seq.).  According to father, the Department failed to comply with its continuing duty to interview extended family members regarding ICWA despite having contact with several maternal and paternal family members.  The Department contends that because mother,

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

2

father, maternal grandparents, and paternal grandmother all denied any Indian ancestry, there is substantial evidence to support the juvenile court's determination that ICWA does not apply.

State law imposes on the Department a first-step inquiry duty to "interview, among others, extended family members and others who had an interest in the child." (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; see § 224.2, subd. (b).) Federal regulations explain that the term "[e]xtended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 C.F.R. § 23.2 (2017).) The duty of initial inquiry includes making a meaningful effort to interview available relatives. (*In re Y.W.* (2021) 70 Cal.App.5th 542, 552–553.)

We agree with father that the Department failed to comply with the inquiry requirements of ICWA and related California law. (See *In re H.V., supra*, 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) Specifically, the record indicates that the Department had contact with paternal grandfather, maternal cousin J.R., who was minor's caregiver, and other maternal relatives. But there is no indication that those reasonably available extended family members were asked about the child's possible Indian ancestry. It therefore appears that the Department failed to fulfill its initial duty of inquiry under ICWA. We will therefore conditionally affirm and remand for further proceedings.

## DISPOSITION

The juvenile court's August 31, 2023 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally affirmed and remanded for proceedings required by this opinion. The court shall order the Department to make reasonable efforts to (1) interview all available extended family members about the possibility of the child's Indian ancestry, including those extended family members that the Department had previous contact with, namely, the paternal grandfather and maternal cousin J.R., as well as other reasonably available maternal relatives; and (2) report on the results of those efforts. Nothing in this disposition precludes the court from ordering the Department to make inquiry of the additional family members identified in the record or others who may have an interest in the child. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED.


MOOR, J.


I concur:


KIM, J.


4

In re Z.R.
B331435

BAKER, Acting P. J., Dissenting


        I would affirm because substantial evidence supports the juvenile court's finding that the Indian Child Welfare Act (ICWA) does not apply.  (*In re A.C.* (2022) 86 Cal.App.5th 130, 132 (dis. opn. of Baker, J.); *In re Ezequiel G.* (2022) 81 Cal.App.5th 984; *In re H.V.* (2022) 75 Cal.App.5th 433, 439 (dis. opn. of Baker, J.).) The majority does not even mention the controlling deferential standard of review in its opinion, and understandably so: on this record, where ICWA-related inquiry was made of the parents and of extended family members on both the maternal and paternal sides of the child's family, there is no principled basis to conclude substantial evidence does not support the juvenile court's finding. (See, e.g., *In re E.W.* (2023) 91 Cal.App.5th 314, 323 [denials of Indian ancestry by the parents and interviews of extended family members on both sides of the family "'reliably answered'" the question of whether the children were Indian children].)  By all appearances then, what is really going on in this appeal is what I feared would happen: a court unjustifiably "follow[ing] a new unspoken rule[ that requires] interrogat[ing] every person contacted in a child welfare investigation about ICWA issues." (*H.V.*, *supra*, at 442 (dis. opn. of Baker, J.).)



                    BAKER, Acting P. J.